UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| EDWIN MAURICIO Z. P., | Case No. 26-cv-222 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; SIRCE OWEN, *Acting Director for Executive Office for Immigration Review*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and SAMUEL OLSON, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Petitioner Edwin Mauricio Z. P. is a native and citizen of Ecuador who entered the United States without inspection in March 2017. ECF No. 1 ¶¶ 32–33. He was placed in removal proceedings in April 2017, but those proceedings were administratively closed in December 2021 so he could pursue applications with United States Citizenship and Immigration Services either to establish lawful presence or obtain a waiver of his unlawful presence based on his marriage to a United States citizen. *See id.* ¶¶ 36–37. One of those applications—a Form I-130 Petition for Alien Relative—was approved in December 2022.

*Id.* ¶ 38. The other—a Form I-601A Application for Provisional Unlawful Presence Waiver—remains pending. *See id.* ¶ 39. Edwin Mauricio Z. P.'s removal proceedings remain administratively closed, and other than the approval of his Form I-130 Petition, he asserts there have been no material changes to his case. *See id.* ¶¶ 40–41.

Edwin Mauricio Z. P. was taken into custody by immigration officials on January 13, 2026, *id.* ¶ 42, and remains in the custody of United States Immigration and Customs Enforcement, *see id.* ¶ 24. He alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *Id.* He asserts that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶¶ 10, 73. Respondents (the "Government"), however, maintain that Edwin Mauricio Z. P. is not eligible for a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 43.

This Court has concluded that noncitizens similarly situated to Edwin Mauricio Z. P. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Hernan C. P.*, No. 25-cv-4561 (LMP/ECW), ECF No. 17 at 6–10 (D. Minn. Dec. 22, 2025). Edwin Mauricio Z. P. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 26–27.

This Court will not depart from its reasoning in *Roberto M. F.* and *Hernan C. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Edwin Mauricio Z. P.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Friday, January 16, 2026, certifying the true cause and proper duration of Edwin Mauricio Z. P.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Edwin Mauricio Z. P.'s detention in light of the issues raised in his Petition;

    b. A reasoned memorandum of law and fact explaining the Government's legal position on Edwin Mauricio Z. P.'s claims (including the requests for relief in his Emergency Motion for Temporary Restraining Order (ECF No. 3));

    c. The Government's recommendation on whether an evidentiary hearing should be conducted; and

    d. A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* and *Hernan C. P.*;

3. If Edwin Mauricio Z. P. intends to file a reply to the Government's answer, he must do so on or before Wednesday, January 21, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. The Government must provide notice to Edwin Mauricio Z. P. and this Court of its intention to move Edwin Mauricio Z. P. outside this District no less than 72 hours before any such movement is to be effected; and

6. The Government must not remove Edwin Mauricio Z. P. from the United States during the pendency of these proceedings.

Dated: January 13, 2026  *s/Laura M. Provinzino*
Time: 12:48 p.m.  Laura M. Provinzino
United States District Judge

---

[1] The Court reserves the right to grant the Petition before Edwin Mauricio Z. P. files his reply brief if the Government's response plainly demonstrates that he is entitled to relief.